Charles C. PAGANO

v.

MAGIC CHEF, INC.
Civ. A. No. 22904.

United States District Court
E. D. Pennsylvania.

Feb. 29, 1960.

9. 65 Stat. 767 (1951).

Nicholas G. Petrella, Philadelphia, Pa., for plaintiff.

Alfred Sarowitz, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This was an action for damages which plaintiff suffered as a result of an automobile accident in Chester, Pennsylvania. The jury returned a verdict for the defendant. Plaintiff has moved for a new trial on the following grounds: (1) The verdict was against the weight of the evidence; (2) the Court improperly excluded testimony that plaintiff and Fore had consumed intoxicating beverages; (3) the Court improperly admitted the testimony of Dr. Dale; and (4) the Court erred when it refused to charge the jury that "opinion evidence is the lowest type of evidence and therefore entitled to very little weight."

We will answer plaintiff's arguments in the order in which they are presented. First, we review briefly the evidence relating to liability.

The plaintiff, Charles C. Pagano, gave the following account of the accident. On July 26, 1956, the defendant's salesman, Francis Fore, drove the plaintiff to Chester so that he could see one of defendant's pizza ovens in operation. On the way back to Philadelphia, while Fore was driving along 9th Street in Chester, the car suddenly left the road and struck

a telegraph pole.[1]  The next thing plaintiff remembered was waking up in Chester Hospital.

■ Plaintiff's testimony that the car left the road and hit a pole was not contradicted by defendant.  That testimony established for plaintiff a "prima facie" case, i. e., from it the jury *could* infer that Fore's negligence caused the accident.  However, *even if defendant had offered no evidence whatever to explain what caused the car to leave the road,* still the question of whether or not the cause was Fore's negligence would have been a question for the jury.  The Court could not have directed a verdict for the plaintiff.  The jury could infer negligence or not, as it wished, from plaintiff's testimony.  A verdict for *either* plaintiff or defendant at that stage of the proceedings would have been in accord with the law.  We mention this in order to clarify the oft-quoted statement (which plaintiff here makes in his brief) that the defendant "had the burden of coming forward with credible evidence to explain the accident."  The only sense in which the defendant could be said to have had such "burden" is that the risk of the jury finding for the plaintiff would have been greater had the defendant not offered any evidence to explain the accident.

■ The defendant did produce evidence, however, which explained the accident as due to a fainting spell suffered by defendant's driver, Francis Fore.  Fore testified that he became suddenly ill and blacked out.  Officer Kinlaw of the Chester Police Department testified that as Fore regained consciousness he was mumbling, "I became sick; I blacked out."  Dr. Dale, Fore's physician, testified that Fore visited him six days after the accident and told him he had fainted and wanted a physical checkup.  Plaintiff now argues that this evidence was "incredible" because of "contradictions" in the testimony of defendant's witnesses, and that a verdict based on such "incredible evidence" should be set aside and a new trial granted.

We disagree.  We think that the "contradictions" in the testimony of the defendant's witnesses were of minor significance.  It was perfectly permissible for the jury to believe that Fore had fainted and that his faint caused the accident.  This finding, in our view, is supported by not only credible evidence, but by the clear preponderance of the evidence.

■ The second ground for the motion for a new trial is that the Court improperly excluded testimony that prior to the accident plaintiff and Fore had consumed intoxicating beverages.  In support of this argument, plaintiff's counsel submitted an affidavit to the effect that the Court made this improper ruling (excluding the evidence) in chambers and for that reason the error does not appear in the record.  We are amazed that counsel's memory serves him so ill.  It is our clear recollection that both plaintiff's counsel and defendant's counsel *agreed* not to mention before the jury anything about Fore or plaintiff having consumed intoxicating beverages prior to the accident.  Though we are tempted, we will say no more on this point.

■ The third argument in support of the motion is that the Court improperly admitted the testimony of Dr. Dale.  In this regard, we will limit ourselves

---

1. Plaintiff's exact words describing the accident were as follows:

"A. Well, we were driving along 9th Street and we were talking and we must have drove quite a way and he was talking and all of a sudden he had his head turned towards me waiving his hand and I said, 'Look out' and that was the end of it.  I blacked—I woke up in the hospital the next morning.

"Q. Well, now, what caused you to say, 'Look out'?

"A. Well, I seen him headed for a telegraph pole—a pole or telegraph, I don't know what it was.  It was a pole.  It happened so sudden.

"Q. What was he doing at the time?

"A. He was talking to me and he—well, I recall he was talking and waving his hand.  Just a habit of his, I imagine.  I don't know." (NT5)

to observe that it was perfectly proper for the doctor to give his professional opinion that certain things could cause a man to faint; that it was proper for him to relate the medical history which Fore gave him to aid in his diagnosis; and that his description of Fore's visit served mainly to corroborate Fore's story that he had fainted.

■ The last argument in support of the motion is that the Court erred when it refused to charge the jury that "opinion evidence is the lowest type of evidence." We rejected this at the trial as an inaccurate statement of the law as applied to Dr. Dale's testimony and we reject it now for the same reason.

### Order

And now, to wit, this 29th day of February, 1960, It Is Ordered that plaintiff's motion for a new trial is hereby Denied.